UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
MARCUS ANTHONY MICOLO,

      Plaintiff,

                <u>MEMORANDUM & ORDER</u>
  -against-         17-CV-5991(JS)(AKT)

GREENPOINT SAVINGS BANK,

      Defendant.
----------------------------------X
APPEARANCES
For Plaintiff:  Marcus Anthony Micolo, <u>pro se</u>
       03-A-3985,
       Clinton Correctional Facility
       P.O. Box 2001
       Dannemora, NY 12929

For Defendant:  No appearance.

SEYBERT, District Judge:

    On October 12, 2017, incarcerated <u>pro se</u> plaintiff Marcus Anthony Micolo ("Plaintiff") filed a Complaint in this Court against Greenpoint Savings Bank ("Defendant") seeking an Order compelling Defendant to provide him with "copies of the pictures in its care, custody and control with regards to the alleged November 6, 2001 robbery of Branch 13 . . . ." (Compl. ¶ 11.) Accompanying the Complaint is an application to proceed <u>in forma pauperis</u>. However, Plaintiff did not file the required Prisoner Authorization Form ("Form"). Accordingly, by Notice of Deficiency dated October 17, 2017, Plaintiff was instructed to complete and return the enclosed Form within fourteen (14) days in order for his Complaint to proceed. On October 27, 2017, Plaintiff timely complied with the Notice of Deficiency and filed the completed Form

together with another application to proceed in forma pauperis. (See Docket Entries 8-9.)

Upon review of the declarations in support of the applications to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fee. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's requests to proceed in forma pauperis are GRANTED.

However, because the Court lacks subject matter jurisdiction, the Complaint is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1) and FED. R. CIV. P. 12(h)(3).

BACKGROUND[1]

Plaintiff's Complaint seeks to compel the Defendant[2], who is alleged to be located in Rocky Point, New York or Brooklyn, New York, (Compl. ¶¶ 3-4), to provide him with copies of pictures of the interior of the bank taken on November 6, 2001 during a robbery. Plaintiff has admitted to committing the robbery (see, e.g., Micolo v. F.B.I. Special Agents, 17-CV-5931 (JS)(AKT)

---

[1] All material allegations in the Complaint and are presumed to be true for the purpose of this Memorandum and Order. Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a pro se complaint for sua sponte dismissal, a court is required to accept the material allegations in the complaint as true).

[2] Although Plaintiff names Greenpoint Savings Bank as the sole defendant, he alleges that it "was bought out by Capitol One Bank in 2007-08 but does still have an office [in Brooklyn] where it can be served." (Compl. ¶ 4.)

(Complaint)) and was convicted in 2003 in state court of Robbery in the First Degree and of Unauthorized Use of a Motor Vehicle in the First Degree. Plaintiff claims that the pictures "may be useful to him in a post-conviction motion pursuant to N.Y. Criminal Procedure Law Section 440.10." (Compl. ¶ 10.)

## DISCUSSION

### I. In Forma Pauperis Applications

Upon review of Plaintiff's declaration in support of the applications to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's requests to proceed in forma pauperis are GRANTED.

### II. Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. See id. § 1915A(b).

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint must plead sufficient

3

facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

III. Subject Matter Jurisdiction

Notwithstanding the liberal pleading standard afforded pro se litigants, federal courts are courts of limited jurisdiction and may not preside over cases if they lack subject matter jurisdiction. Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700-01 (2d Cir. 2000). Unlike lack of personal jurisdiction, lack of subject matter jurisdiction cannot be waived and may be raised at any time by a party or by the Court sua sponte. Id. "If subject matter jurisdiction is lacking, the action must be dismissed." Id. at 700-01; see FED. R. CIV. P. 12(h)(3).

The basic statutory grants of subject matter jurisdiction are embodied in 28 U.S.C. §§ 1331 and 1332. Arbaugh v. Y & H Corp., 546 U.S. 500, 513, 126 S. Ct. 1235, 1244, 163 L. Ed. 2d 1097 (2006). Section 1331 provides federal question jurisdiction and Section 1332 provides jurisdiction based on diversity of citizenship. Id. A plaintiff properly invokes § 1332 jurisdiction when he presents a claim between parties of complete diverse citizenship and the amount in controversy exceeds $75,000. Id.

Here, although Plaintiff seeks to invoke this Court's federal question jurisdiction, he alleges only that his claims arise under "any and all applicable federal law know [sic] to the Court." (Compl. ¶ 1.) Subject matter jurisdiction may be established pursuant to § 1331 where a claim arises under the "Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. "A plaintiff properly invokes § 1331 jurisdiction when he pleads a colorable claim 'arising under' the Constitution or laws of the United States. Arbaugh, 56 U.S. at 513, 126 S. Ct. at 1237. A claim alleging federal question subject matter jurisdiction "may be dismissed for want of subject matter jurisdiction if it is not colorable, i.e., if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" Id. at 513 n.10, 126 S. Ct. at 1237 n.10. Plaintiff has not provided the Court with any guidance as to the legal basis for his claim, and the Court knows of no federal law that would

5

provide relief to Plaintiff under the circumstances alleged in the Complaint. Accordingly, Plaintiff has failed to properly invoke this Court's federal question subject matter jurisdiction.

Given Plaintiff's pro se status, the Court has also considered whether this Court's diversity jurisdiction may be invoked. However, it appears this case lacks complete diversity between parties as Defendant is expressly alleged to be located in New York, the same state as Plaintiff. 28 U.S.C. § 1332. Accordingly, this Court lacks subject matter jurisdiction to adjudicate Plaintiff's claim. Although courts hold pro se complaints "to less stringent standards than formal pleadings drafted by lawyers," Hughes v. Rowe, 449 U.S. 5, 9, 101 S. Ct. 173, 176, 66 L.Ed.2d 163 (1980), pro se litigants must establish subject matter jurisdiction to avoid dismissal. See, e.g., Rene v. Citibank N.A., 32 F. Supp. 2d 539, 541-42 (E.D.N.Y. 1999) (dismissing pro se complaint for lack of subject matter jurisdiction). Accordingly, Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1); FED. R. CIV. P. 12(h)(3). Plaintiff may pursue any state law claims he may have against Defendant in state court.

IV. Leave to Amend

Given the Second Circuit's guidance that a pro se complaint should not be dismissed without leave to amend unless amendment would be futile, Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d

6

Cir. 2000), the Court has carefully considered whether leave to amend is warranted here. Because the defects in Plaintiff's claims are substantive and would not be cured if afforded an opportunity to amend, leave to amend the Complaint is DENIED.

CONCLUSION

For the reasons set forth above, Plaintiff's applications to proceed in forma pauperis are GRANTED, however the Complaint is sua sponte DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1); and FED. R. CIV. P. 12(h)(3).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of this Memorandum & Order to the Plaintiff and to mark this case CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: April __9__, 2018
       Central Islip, New York